_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

NOV **1 9** 2021

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

SRD USAO 2018R00983

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Number: GLR-21-0462 |
| | ) | |
| v. | ) | **(Wire Fraud, 18 U.S.C. § 1343; Filing a False Tax** |
| | ) | **Return, 26 U.S.C. 7206(1))** |
| **TYRONE JERMAINE SHERROD** | ) | |
| | ) | |

## INFORMATION

## COUNT ONE

The United States Attorney for the District of Maryland charges that:

## INTRODUCTION

At all times relevant to this Information:

1.      Defendant **TYRONE JERMAINE SHERROD** ("SHERROD") resided in Maryland.

2.      **SHERROD** operated We Imagine, Inc. ("We Imagine"), a not-for-profit organization originally established in the State of New York in 2005 and qualified as a foreign corporation in the State of Maryland in 2007.

3.      Between approximately 2015 and 2019, **SHERROD** operated after-school and summer educational and sports programs through We Imagine at an elementary school located in Baltimore, Maryland.

4.      We Imagine's largest source of funding was through a grant known as the Maryland 21st Century Community Learning Centers ("21st Century"). The grant was funded by

-2-

the U.S. Department of Education through the Maryland State Department of Education

("MSDE").

5.     **SHERROD** applied and was awarded a $1.1 million 21st Century grant. The

grant was payable over three periods that coincided with three school years beginning in

September 2015 and running through June 2018. The grant payments began in March 2016.

6.     For each grant period, We Imagine received a 15% advance payment. The

remaining funds were reimbursed on an approximately monthly basis and only after **SHERROD**

submitted a document known as a Project Invoice Summary. These summaries were submitted to

the MSDE via e-mail and were accompanied by supporting documentation such as payroll

registers and receipts.

## THE SCHEME TO DEFRAUD

7.     From at least September 2016, through and including at least 2018, in the District

of Maryland, and elsewhere,

### TYRONE JERMAINE SHERROD,

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to

obtain money from the United States Department of Education and the Maryland State

Department of Education, by means of false and fraudulent pretenses, representations, and

promises, to wit, the submission of fraudulent Project Invoice Summaries that overstated wages

earned, hours worked, and the time periods of employment for individuals associated with We

Imagine (the "scheme to defraud").

-3-

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

It was a part of the scheme to defraud that:

8.     Between 2016 and 2018, **SHERROD** electronically submitted 19 Project Invoice Summaries falsely reporting total payroll of $746,005.02. **SHERROD's** actual We Imagine payroll during this time period was approximately $212,662.55, a difference of $533,342.47.

9.     On or about September 9, 2016, **SHERROD** electronically submitted a Project Invoice Summary for the period August 1, 2016 through August 15, 2016 reporting payroll in the amount of $31,704.00.  On or about October 14, 2016, **SHERROD** electronically submitted a summary for the period August 15, 2016 through August 30, 2016 reporting payroll expense in the amount of $38,269.32.  The total reported payroll by **SHERROD** for the month of August was $60,334.16. However, the actual payroll paid during this month was $36,649.10, an overstatement of payroll expense in the amount of $23,685.06.

10.     On or about July 28, 2017, **SHERROD** electronically submitted a Project Invoice Summary for the period April 1, 2017 through April 30, 2017 reporting payroll in the amount of $25,601.40. Actual payroll paid during this month was $2,500, an overstatement of payroll expense in the amount of $23,101.40.

11.     On or about May 22, 2018, **SHERROD** electronically submitted a Project Invoice Summary for the period April 1, 2018 through April 30, 2018 reporting payroll in the amount of $54,200.85. Actual payroll paid during this month was $1,000, an overstatement of payroll expense in the amount of $53,200.85.

12.     Rather than utilizing all of the funds obtained from the 21st Century grants on not-for-profit after school and educational programs, **SHERROD** instead used the funds for personal expenses, to include large gambling expenditures.

-4-

## THE CHARGE
### (Wire Fraud)

13.     The factual allegations contained in Paragraphs 1 through 12 of this Information are realleged and incorporated herein as if copied verbatim.

14.     On or about May 22, 2018, within the District of Maryland and elsewhere, the Defendant,

**TYRONE JERMAINE SHERROD,**

knowingly executed, and attempted to execute, a scheme and artifice to defraud and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, to wit: the defendant submitted via interstate wire a fraudulent Project Invoice Summary to the Maryland State Department of Education.

18 U.S.C. §1343.

-5-

## COUNT TWO
### (Filing a False Tax Return)

1.      Paragraphs 1 through 12 of Count One are realleged and incorporated by reference as though fully set forth.

2.      On or about April 15, 2019, in the District of Maryland and elsewhere, the defendant,

**TYRONE JERMAINE SHERROD,**

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, and accompanying schedules for the calendar year 2018, which was verified by a written declaration that it was made under the penalties of perjury and which **SHERROD** did not believe to be true and correct as to every material matter.  Specifically, **SHERROD** there and then well knew that the income tax return was false in that the amounts as listed in the chart below were substantially different from the correct amounts.

| Line on Tax Return | Amount Listed |
| --- | --- |
| Schedule C, Line 1 (Gross Receipts for We Imagine, Inc.) | $43,000 |
| Schedule C, Line 31 (Net Profit) | $0 |
| Form 1040, Line 6 (Total Income) | $40,796 |
| Form 1040, Line 15 (Total Tax) | $0 |
| Form 1040, Line 19 (Refund) | $10,442 |

26 U.S.C. § 7206(1).

-6-

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further alleges that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that, in the event of the defendant's conviction on Count One of this Information, the United States will seek forfeiture as a part of any sentence in accordance with 18 U.S.C. §§ 982(a)(2)(A) and (b)(1) and 21 U.S.C. § 853(p).

### Wire Fraud Forfeiture

2.      Upon conviction of the offense alleged in Count One of this Information, the defendant,

### TYRONE JERMAINE SHERROD,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense.

3.      The property to be forfeited includes, but is not limited to, a money judgment in the amount of approximately $533,342.47 representing the proceeds the defendant obtained from his participation in the scheme to defraud.

### Substitute Assets

3.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third person;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

-7-

   e.      has been commingled with other property that cannot be subdivided without

        difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by

18 U.S.C. § 982(b)(1).


18 U.S.C. §§ 982(a)(2)(A) and (b)(1)
21 U.S.C. § 853(p)


Date: _11/19/21_____            *Erek L. Barron/SRD*
                                  EREK L. BARRON
                                  United States Attorney